# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JARED A. STOKES and MARILOU STOKES, <br><br> Plaintiffs, <br><br> v. <br><br> GEICO INSURANCE AGENCY, INC., dba Travelers and THE AUTOMOBILE INSURANCE CO. HARTFORD, CONNECTICUT, and TRAVELERS GROUP EXCHANGE, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:09CV907DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant The Automobile Insurance Company of Hartford, Connecticut's ("Travelers") Motion to Bifurcate Trial. Plaintiffs Jared and Marilou Stokes filed a memorandum in opposition to the motion to bifurcate, and Travelers filed a reply memorandum. Neither party requested oral argument on the motion, and the court does not believe that a hearing would aid in its determination of the motion. Accordingly, the court enters the following memorandum decision and order based on the pleadings and memoranda submitted by the parties as well as law and facts relevant to the present motion.

## DISCUSSION

Defendant moves to bifurcate the trial of Plaintiffs' breach of contract claim and their bad faith breach of the covenant of good faith and fair dealing claim. Rule 42(b) of the Federal Rules

of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Fed. R. Civ. P. 42(b). A trial court has broad discretion in determining whether to bifurcate a trial or discovery. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). The moving party bears the burden of convincing the court to exercise its discretion. *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

"[T]here are no set guidelines delineating when ordering a separate trial is proper." *Hadi v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2259298, at *1 (S.D. Ohio Aug. 3, 2007). "Generally, courts have adopted a case-by case method depending on the facts of the individual case." *Id.* Courts have recognized that "[i]n deciding whether to bifurcate a trial, a court should consider the following factors: (1) judicial economy; (2) convenience to the parties; (3) expedition; and (4) avoidance of prejudice and confusion." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D. Colo. 2000).

This court has previously recognized that "the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant . . . to convince the court 'that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.'" *Patten v. Lederle Laboratories*, 676 F. Supp. 233 (D. Utah 1987) (citation omitted); *see also Trujillo v. American Family Mut. Ins. Co.*, 2009 WL 440638, at *2 (D. Utah Feb. 20, 2009). "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Hoffman v. Merrell Dow*

*Pharmaceuticals*, 857 F.2d 290, 307 (6th Cir. 1988).

In reviewing the bases for bifurcating the trial of Plaintiffs' breach of contract and bad faith claims, the court concludes that bifurcation is not necessary. Defendant has not demonstrated that the claims are clearly separable. The breach of contract claims turns on whether the fire was determined to be arson. While the bad faith claim focuses on whether Defendant diligently investigated the facts to determine whether the cause of the fire was arson. These issues will be most efficiently handled together at trial because they will involve similar witnesses. Moreover, Defendant has not demonstrated that separate trials offer any benefits to judicial economy.

Based on the facts presently before the court, the court finds that Defendant will not be prejudiced by trying the breach of contract and bad faith claims together. Judicial economy, convenience to the parties, and expedience all significantly favor one trial. The court, however, denies Defendant's motion to bifurcate the trial without prejudice. The court recognizes that relevant evidence may surface during discovery which could impact the bifurcation issue. If such evidence arises, Defendant may bring a subsequent motion to bifurcate the trial after the close of discovery. *See Bondex Int'l, Inc. v. Hartford Acc. & Indem. Co.*, 2004 U.S. Dist. LEXIS 28795, 18-21 (N.D. Ohio Feb. 19, 2004) (holding "as discovery on both the bad faith and coverage issues will proceed at the same time, the Court will be in a better position, once discovery has been completed, to ascertain the utility of bifurcation and exercise its discretion soundly.")

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Bifurcate Trial [Docket No. 26] is denied without prejudice. The court grants Defendant leave to raise the issue of bifurcating the

trial after the close of discovery.

DATED this 12th day of May, 2010.

_____
DALE A. KIMBALL
United States District Judge